## John Willock's Estate. D. A. Forsythe's Appeal.

*Decedent's estates—Debt due by distributee—Mortgage—Bond—Deed—Married women.*

A married daughter who has borrowed money from her father to purchase a farm and has given a bond and mortgage to secure the debt, cannot, after the death of her father, relieve herself from liability upon the bond by tendering to his executor a deed for the land.

Argued Oct 31, 1894. Appeal, No. 198, Oct. T., 1894, by legatee, from decree of O. C. Allegheny Co., Feb. T., 1894, No. 48, overruling exceptions to adjudication. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of the Supreme Court.

The decree of the auditing judge awarding distribution, concluded as follows:

" Note : The indebtedness of Mrs. Delilah A. Forsythe, due the estate of decedent on May 1, 1894, viz : mortgage and interest, amounts to $7,220, which is greater than her distributive share in above decree, therefore no distribution is made to her therein, but she is entitled to a credit thereon of $6,454.68."

Exceptions to the adjudication were dismissed by the court in the following opinion by HAWKINS, P. J. :

" [The question involved in this case is ruled by the principle of Bucknor's Est., 136 Pa. 23, in which it was held that the orphans' court, in distributing the estate of an intestate, may charge against the share of a married daughter the principal of a note given by her to the decedent for borrowed money, notwithstanding that the daughter was at its date legally incapacitated by her coverture from contracting a loan. ' While,' said the court, ' it is not technically accurate to say that appellant is a bailee for the estate of the money she received from her mother, since deceased, we agree that, having repudiated the note in which she promised to pay it, she was bound in equity and good conscience to return it to her mother or to her personal representatives after her decease, and that it may therefore be regarded in equity as money of the estate in her possession. The orphans' court is practically a court of equity ; and when it appeared that appellant, who was there claiming a full distributive share of her mother's estate, had virtually in her possession money which should have formed a part of the fund for distribution, the court might well act on the maxim of equity, that what ought to have been done has been done, and proceed to distribute the fund accordingly. As was well said in Grim's Ap., 105 Pa. 382, " a married woman should be held to the observance of that good faith in her dealings with the world to which others are bound." '] [3]

" [This exceptant borrowed money from her father, which should constitute part of his estate, and which in good faith and conscience she is bound to repay.] [4] [The tender which she has made of a deed for the property, subject to her mortgage, is not repayment of the debt. It is neither legal nor

equitable tender. The debt might or might not be realized out of the property; and it is unfair to subject the parties interested to the risk, expense and delay of conversion.] [5] [The amount of her bond and mortgage must be regarded in equity as part of her father's estate in her possession and distributable as such.] [6] [Her brothers and sisters to whom loans were made by her father, have willingly acquiesced in this mode of adjustment, and she has no reason to complain.] " [7]

*Errors assigned* were (1) decree; (2) dismissal of exceptions; (3–7) portions of opinion in brackets; quoting them respectively.

*Joseph Forsythe*, for appellant, cited Sawtelle's Ap., 84 Pa. 306; Grim's Ap., 105 Pa. 382; Glidden v. Strupler, 52 Pa. 400; Sellers v. Heinbaugh, 117 Pa. 218; Shryock v. Buckman, 121 Pa. 248; Brunner's Ap., 47 Pa. 67; Vandyke v. Wells, 103 Pa. 49; Keiper v. Helfricker, 42 Pa. 325; Glyde v. Keister, 32 Pa. 85; Armpriester's Est., 1 Woodw. Dec. 342; Morr's Ap., 80 Pa. 429; Light's Est., 136 Pa. 211; Milne's Ap., 99 Pa. 483; Hinkle v. Landis, 131 Pa. 573; Hartman v. Ogborn, 54 Pa. 120; Brown v. Scott, 51 Pa. 364; Wickersham v. Fetrow, 5 Pa. 261; Scott v. Fields, 7 Watts, 360; Dolman v. Cook, 14 N. J. Eq. 56; Bird v. Davis, 14 N. J. Eq. 467; Troup v. Haight, Hopk. Ch. (N. Y.) 272; 15 A. & E. Ency. of Law, Tit. Mort. 877; Harrison v. Phillips Academy, 12 Mass. 455; Green v. Butler, 26 Cal. 595; Youngman v. R. R., 65 Pa. 285.

*J. M. Shields*, *W. K. Jennings* with him, for appellees, cited: Bucknor's Est., 136 Pa. 23; Act of April 8, 1833, P. L. 316.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895 :

The testator had loaned nearly the whole of his personal estate to his children. The loans were made at different times to meet their necessities or to serve their business interests. The executors charged themselves with the total amount due by the children, and in distribution deducted from their respective shares the amount due by each. All assented to this except the appellant, to whom her father had loaned $4,800 to enable her to purchase a farm on which she resided

with her husband.  The money received by her was used in payment for the farm, and a second mortgage executed by her and her husband with her separate bond was given to secure it.  She disaffirmed the contract to repay the money received as far as it was a personal obligation, for the reason that it was not legally binding, but recognizing its validity as to the land purchased, tendered to the executors a conveyance of the farm.

The learned judge of the orphans' court, following Bucknor's Estate, 136 Pa. 23, held that this was not a repayment of the debt, and decreed that the amount of her indebtedness should be deducted from her distributive share.

We see no ground on which this case can be distinguished from Bucknor's Appeal, supra.  That the appellant's bond was capable of enforcement against the land does not change her position.  Her promise remained unfulfilled.  The tender of the deed was in no sense a repayment of the money.  It was simply an offer of the thing purchased with the borrowed money in discharge of the debt.  The farm, subject to a prior mortgage, may or may not have had value, and whether it had or not does not affect the principle.  Her bond was a part of her father's estate.  If she could render it valueless by disaffirming it and repudiating her contract, she would defeat his purpose under the will to give her only an equal share with his other children who were beneficiaries.  The bond represented the money which she had received and promised to repay, and which, until repaid, should in equity for the purposes of distribution be considered a part of his estate in her possession.  In Bucknor's Appeal it was said by the present Chief Justice : " The orphans' court is practically a court of equity ; and, when it appears that the appellant, who was there claiming a full distributive share of her mother's estate, had virtually in her possession money which should have formed part of the fund for distribution, the court might well act on the maxim of equity, that what ought to have been done has been done, and proceed to distribute the fund accordingly."

The decree of the orphans' court is affirmed and the appeal dismissed at the cost of the appellant.